UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America | **Protective Order** |
| v. | **20 CR 292 (PKC)** |
| Joseph Davila, and<br>Matthew Rivera, | |
| *Defendants.* | |

Upon the application of the United States of America, with the consent of the undersigned counsel on behalf of the Defendants in the above-captioned case (the "Defendants"), and the Defendants having requested discovery under Federal Rule of Criminal Procedure 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.**  The Government will make disclosure to the Defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (1) affects the privacy and confidentiality of individuals and entities; (2) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; and (3) is not authorized to be disclosed to the public or others besides the Defendants and their counsel in this criminal case.

2. **Sensitive Disclosure Material.**  Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and

whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein.  The Government's designation of material as sensitive disclosure material will be controlling absent contrary order of the Court.

3.  **Facilitation of Discovery.**  The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation and to disclose all disclosure material and sensitive disclosure material without significant delay occasioned by necessary redactions.  It will also afford the defense prompt access to those materials, which will facilitate the preparation of the defense.

4.  **Good Cause.**  There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

5.  Disclosure material and sensitive disclosure material shall not be disclosed by the Defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action.  The defense shall not post any disclosure material or sensitive disclosure material on any Internet site or network site,[1] and shall not disclose any disclosure material or sensitive disclosure material to any third party except as set forth below.

6.  Disclosure material may be disclosed by counsel to:

---

[1]    This does not prohibit counsel for any Defendant from using secure, private web services such as "Drop Box" to store disclosure material or sensitive disclosure material, or to transfer such materials to other authorized recipients.

a.   Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

b.   Prospective witnesses for purposes of defending this action; and

c.   The Defendants.

7.   Sensitive disclosure material shall be labeled "SENSITIVE" and may be disclosed only to personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, and the Defendants, subject to the following limitations:

a.   The Defendants may review sensitive disclosure material only in the presence of counsel or any other person authorized to receive sensitive disclosure material;

b.   The Defendants may not copy or otherwise record sensitive disclosure material; and

c.   The Defendants may not keep sensitive disclosure material or a copy of such material outside the presence of counsel, including in any prison facility;

d.   Notwithstanding the above, the defendant may review and keep sensitive disclosure material outside of the presence of counsel, including in a prison facility, if doing so upon order of the Court.

8.   Any Coordinating Discovery Attorney (CDA), if appointed by the Court, may disclose, make copies of, or reveal the contents of such materials to defense counsel and to the CDA's employees who are assisting in the preparation and dissemination of such materials, and to third party vendors the CDA may deem necessary to retain to process the discovery the CDA receives, all in furtherance of fulfilling her duties and obligations under the Court's order appointing the

CDA.  The CDA shall serve this Protective Order upon any such attorney, employee or vendor, instructing them that they are bound by its terms, and the CDA shall instruct such other persons that further disclosure is prohibited.

9.  The Government may authorize, in writing, disclosure of disclosure material and sensitive disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

10. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action.  However, sensitive disclosure material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or order of the Court.  All filings should comply with the privacy protection provisions of Federal Rule of Criminal Procedure  49.1.

11. This Order places no restriction on each Defendant's use or disclosure of ESI that originally belonged to that Defendant.

### Return or Destruction of Material

12. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.  This provision does not apply to each Defendant's handling of any disclosure material or ESI that originally belonged to that Defendant.

## Retention of Jurisdiction

14.   The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

   AUDREY STRAUSS
   Acting United States Attorney

by: ____/s/ Thomas Burnett_____          Date:   ____7/2/2020_____ _____
   Thomas S. Burnett
   Frank J. Balsamello
   Assistant United States Attorneys

   __/s/ Michael Bachrach_____          Date:   ____7/2/2020_____
   Michael Bachrach, Esq.
   Counsel for Joseph Davila

   __/s/ Kenneth Montgomery_____          Date:   ____7/2/2020_____
   Kenneth Montgomery, Esq.
   Counsel for Matthew Rivera


SO ORDERED:
Dated:  New York, New York
          _____July 2,_____, 2020

                                        _____
                                        THE HONORABLE P. KEVIN CASTEL
                                        UNITED STATES DISTRICT JUDGE